```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


ALONZO JOHNSON, Jr.,

          Plaintiff,

    vs.                          Civil Action 2:09-CV-794
                                 Judge Economus
                                 Magistrate Judge King

UNIT STAFF, ODRC MAJOR OF
SECURITY, ROSS CORRECTIONAL, et al.,

          Defendants.
```

**REPORT and RECOMMENDATION**

This case was initiated upon plaintiff's filing of the *Complaint* in the Western Division of this Court, at Cincinnati. The claims asserted against officials at the Ross Correctional Institution, officials of the Ohio Department of Rehabilitation and Correction and the Ohio Attorney General were ordered severed and transferred to this division. *Order*, Doc. No. 4. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§1915(e), 1915A.

As it relates to the claims transferred to this division, the *Complaint* alleges that, on January 23, 2009, while in segregation at the Ross Correctional Institution, plaintiff was assaulted by a corrections officer. Plaintiff specifically alleges that, at the time, he "was cuffed and where I was suppose to be." *Complaint*, Doc. No. 4., at 18. The corrections officer then "grabbed [plaintiff] to remove [him] from the surveillance sight to continue harassing and assaulting" plaintiff. *Id*. The *Complaint* names as defendants to this claim – not the corrections officer who allegedly assaulted him – but the "lawbreakers who allowed [the corrections officer] to assault [plaintiff] unlawfully," *Id.*, at

19, *i.e.*, various supervisory personnel at the Ross Correctional Institution and the Ohio Department of Rehabilitation and Correction. Plaintiff also alleges that he wrote a complaint to the Attorney General of the State of Ohio, but that he never received a response. *Id.* Plaintiff seeks monetary damages from these persons and entities.

A supervisory official may not be held liable under 42 U.S.C. §1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Liability on the part of a supervisor must be based on "active unconstitutional behavior." *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Plaintiff has not presented facts sufficient to support a claim under 42 U.S.C. §1983 against any of the named defendants. The allegations contained in the *Complaint* are simply insufficient to establish that any of the named defendants "implicitly authorized, approved, or knowingly acquiesced in" the alleged assault of plaintiff by a corrections officer. *See Hays*, 668 F.2d at 874. Moreover, the Ohio State Medical Board, a state agency, is immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Finally, plaintiff does not even allege that the Ohio Attorney General exercises supervisory oversight over any employee of the Ohio Department

of Rehabilitation and Correction. Any failure on the part of this defendant to respond to a complaint by plaintiff simply does not rise to the level of a constitutional deprivation. *See Miller v. Bock*, 2003 WL 202173, at **2 (6th Cir. Jan. 28, 2003) citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988)("failure to respond or remedy the [prisoner's] complaint is insufficient to impose liability upon supervisory personnel under §1983").

It is therefore **RECOMMENDED** that this action be dismissed for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


September 7, 2010                    s/Norah McCann King
                                     Norah M$^c$Cann King

                        United States Magistrate Judge