**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALONZO JOHNSON, Jr.,**

   **Plaintiff,**

 vs.            **Civil Action 2:09-CV-794
                Judge Economus
                Magistrate Judge King**

**UNIT STAFF, ODRC MAJOR OF
SECURITY, ROSS CORRECTIONAL,** *et al.*,

   **Defendants.**

## ORDER

Plaintiff, a state inmate, alleges that a corrections officer at the Ross Correctional Institution assaulted him without justification.[1] In a *Report and Recommendation* issued on September 7, 2010, the United States Magistrate Judge recommended that the action be dismissed pursuant to 28 U.S.C. §1915(e) because plaintiff did not allege that the actual defendants named in the *Complaint* "at least implicitly authorized, approved, or knowingly acquiesced in the" alleged misconduct. *Report and Recommendation*, Doc. No. 6, at 2, citing *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002). This matter is now before the Court on plaintiff's objections to the *Report and Recommendation. Objection*, Doc. No. 8. The Court will consider the matter *de novo. See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

As the Magistrate Judge noted, the *Complaint* names as defendants, not the corrections officer who allegedly assaulted plaintiff, but various supervisory officials at the Ross Correctional Institution and the Ohio Department of Rehabilitation and Correction. Also named as defendants are

---

[1] The claims arising out of the alleged assault were severed from other claims originally filed in the Western Division of this Court. *See Order*, Doc. No. 4.

the "State Medical Board of Ohio," and "Attorney General Cordray." This Court agrees that the *Complaint* simply fails to allege that the individuals named as defendants actively engaged in or encouraged the assault about which plaintiff complains. Moreover, the State Medical Board of Ohio appears to be a state agency over which this Court lacks subject matter jurisdiction by operation of the Eleventh Amendment to the United States Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S.. 58, 66 (1989). Finally, the allege failure on the part of the Ohio Attorney General to respond to plaintiff's allegations does not give rise to a constitutional violation. *See Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir. 1988).

Plaintiff's *Objection* does not address the deficiencies identified by the Magistrate Judge. Rather, plaintiff engages in a rambling, nearly incomprehensible recounting of grievances over the years against public officials ranging from prosecuting authorities in Hamilton County to Congress. Plaintiff has offered no reason to conclude that the *Report and Recommendation* should be rejected.

The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED**, pursuant to 28 U.S.C. §1915(e), for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Moreover, the Court concludes that an appeal from the judgment entered in this case would not be taken in good faith.

**IT IS SO ORDERED.**

                                           /s/Peter C. Economus - September 22, 2010
                                           **PETER C. ECONOMUS**
                                           **UNITED STATES DISTRICT JUDGE**